IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY CARPENTER,           : | |
|        Petitioner,     : | |
|                : | |
| v.                                    : | Civ. No. 14-4751 |
|                : | |
| J.A. ECKARD, et al.,                 : | |
|        Respondents.     : | |

# O R D E R

On August 11, 2014, state prisoner Wesley Carpenter, proceeding *pro se*, sought habeas relief, alleging numerous instances of ineffective assistance by his trial and appellate counsel. 28 U.S.C. § 2254; (Doc. Nos. 1, 29.) I referred the matter to Magistrate Judge Rueter, who recommends denying relief. (Doc. No. 31.) No objections have been filed. (Doc. No. 32); Fed. R. Civ. P. 72(b)(2) (fourteen-day window for filing objections).

In the absence of objections, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). Having reviewed Judge Rueter's Report, I agree with his recommendation.

Petitioner's trial and appellate counsel were not ineffective. (Doc. No. 31 at 10-20.) The Superior Court, in affirming the PCRA Court's denial of relief, upheld the trial court's transferred intent jury instruction. (Doc. No. 31 at 11-12 (citing Commonwealth v. Carpenter, No. 2451 EDA 2012 (Pa. Super. Ct. Oct. 25, 2013).) Accordingly, trial and appellate counsel were not ineffective for failing to raise a meritless objection or challenge to this instruction. See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.").

Petitioner's ineffectiveness/Brady claim—counsel's failure to challenge the Commonwealth's failure to disclose the identity of potential witness Dennis Fulton—fails because Petitioner has not demonstrated that Fulton's identity or testimony was exculpatory or shown that the outcome of trial was affected by the failure. (Doc. No. 31 at 12-14.); see Wiggins v. Smith, 539 U.S. 510, 534 (2003) ("[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984))).

Petitioner has not shown that counsel's alleged failure to investigate the credibility of two Commonwealth witnesses resulted in prejudice. (Doc. No. 31 at 14-16 (quoting Commonwealth v. Carpenter, CP-51-CR0708031-2006, slip op. at 6-7 (C.P. Phila. Oct. 26, 2012))); see Wiggins, 539 U.S. at 534.

Petitioner has not shown that counsel's alleged failure to investigate witness Jimmy Brennan's police statements was prejudicial. (Id. at 16-18.) Petitioner has also failed to show that the "uninvestigated" statement was exculpatory. (Id. at 17-18.)

Petitioner's ineffectiveness claim based on a stipulation between trial counsel and the prosecutor is also meritless. (Id. at 18-19.) Petitioner mischaracterizes the stipulation, which plainly benefited him. (Id.); Strickland, 466 U.S. at 694.

Finally, counsel was not ineffective for refraining from impeaching witness Ian Farmer's credibility because, as explained by Judge Rueter, "it would have done more damage to [P]etitioner than good if counsel were to raise the discrepancy during the cross-examination." (Doc. No. 31 at 20.)

2

In sum, I agree with Judge Rueter that Petitioner's ineffectiveness claims are meritless. Accordingly, I agree that no evidentiary hearing is warranted and that Petitioner's request for counsel—which was made over a year after the instant habeas Petition was filed—should be denied. 18 U.S.C. § 3006A; (Doc. No. 31 at 21.)

**AND NOW**, this 29th day of December, 2015, upon consideration of Carpenter's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response (Doc. No. 26), and Petitioner's Reply (Doc. No. 29), and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 31), it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 31) is **APPROVED** and **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing;

3. Petitioner's request for appointment of counsel (Doc. No. 30) is **DENIED**; and

4. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there is no probable cause to issue a certificate of appealability.

                **IT IS SO ORDERED.**

                */s/ Paul S. Diamond*
                _____
                Paul S. Diamond, J.