IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY CARPENTER, : | |
|         Petitioner, : | |
| v. : | Civ. No. 14-4751 |
| : | |
| J.A. ECKARD, et al., : | |
|         Respondents. : | |

**O R D E R**

On August 11, 2014, state prisoner Wesley Carpenter, proceeding *pro se*, sought habeas relief, challenging his conviction on the basis of ineffective assistance of counsel. (Doc. No. 1); 28 U.S.C. § 2254. I referred the matter to Magistrate Judge Thomas J. Rueter, who has recommended denying relief. (Doc. No. 31.) Petitioner submitted objections that largely rehash the arguments raised in his habeas Petition. (Doc. No. 41.) I will overrule Petitioner's objections, adopt Judge Rueter's Report and Recommendation, and deny the Petition.

**I.     BACKGROUND**

On December 3, 2007, a Philadelphia state court jury convicted Petitioner of first-degree murder and possession of an instrument of crime. (No. CP-51-CR-0708031-2006; Doc. No. 31 at 1.) Judge Renee Cardwell Hughes immediately sentenced Petitioner to life imprisonment on the murder charge and a concurrent 2.5–5 year sentence on the weapons offense. (Id.) The Pennsylvania Superior Court rejected Petitioner's direct appeal on August 14, 2009. Commonwealth v. Carpenter, 984 A.2d 1008 (Pa. Super. Ct. 2009). The Pennsylvania Supreme Court denied allocatur on March 30, 2010. Commonwealth v. Carpenter, 992 A.2d 123 (Pa. 2010) (Table).

Petitioner's convictions arose from an ongoing feud between Petitioner and three men: Ian Farmer, Quincy Ross, and the decedent, Raymond Napper. (Doc. No. 26, Ex. A at 2-3.) On May

14, 2006, Petitioner's friend Jimmy Brennan had flagged down the three men and asked them whether their dispute with Petitioner had been resolved. (Doc. No. 31 at 1-2.) A gold-colored car drove by the group twice; Petitioner was in passenger seat and called out to Brennan asking if he was "all right." (Id. at 2.) Several minutes later, Petitioner came back to the scene—this time on foot and with a gun. (Id.) Petitioner fired six shots at the men, two of them killing Napper. (Doc. No. 26, Ex. A at 3.) Farmer and Ross separately identified Petitioner as the shooter. (Doc. No. 31 at 2.) For approximately two months, Petitioner hid in a West Philadelphia home. (Doc. No. 26, Ex. A at 4.) He was ultimately apprehended during a consensual search when the police "found [Petitioner] covered in dog feces exiting the home's basement." (Id., Ex. A at 4.)

In December 2010, Petitioner sought *pro se* relief pursuant to Pennsylvania's Post Conviction Relief Act. 42 Pa. C.S. §§ 9541-9551. The Petitioner alleged that his trial and appellate counsel were ineffective for failing to: (1) challenge the trial court's jury instruction with regard to transferred intent; (2) present and preserve a Brady claim respecting the identity of the driver of the car in which Petitioner was riding prior to the shooting; (3) investigate the credibility of the Commonwealth's witnesses; and (4) challenge the Commonwealth's theory of prosecution. (Doc. 26, Ex. B at 2.) Appointed counsel filed a brief pursuant to Commonwealth v. Finley and concluded that Petitioner's PCRA claims were without merit. (Id., Ex. D); 550 A.2d 213 (Pa. 1988). After reviewing Petitioner's claims, counsel's Finley brief, and the relevant trial transcripts, Judge Benjamin Lerner dismissed the Petition and permitted counsel to withdraw. (Doc. No. 26, Ex. B at 2; Doc. No. 31 at 3.) On October 31, 2012 (after Petitioner appealed the dismissal), Judge Lerner issued an opinion in support of his order. (Doc. No. 26, Ex. B); Commonwealth v. Carpenter, No. 2451 EDA 2012, 2012 WL 10973676, at *1 (Pa. Com. Pl. Oct 31, 2012). On October 25, 2013, the Superior Court affirmed and adopted Judge Lerner's "well-reasoned opinion

2

in full." (Doc. No. 26, Ex. C at 5-6); Commonwealth v. Carpenter, 87 A.3d 891 (Pa. Super. Ct. Oct. 25, 2013) (Table). In that appeal, Petitioner sought to raise two additional ineffectiveness claims respecting "stipulating to ownership" of the gold-colored vehicle, and failing to impeach Farmer with a prior inconsistent statement. (Doc. No. 31 at 3.) The Superior Court deemed these claims waived. (Doc. No. 26, Ex. C at 5); Pa. R. App. P. 302. On May 13, 2014, the Supreme Court again denied allocatur. Commonwealth v. Carpenter, 91 A.3d 1238 (Pa. 2014) (Table).

On August 11, 2014, Petitioner filed the instant Petition, including the same six ineffectiveness claims he raised in state court. (Doc. Nos. 1, 29.) Judge Rueter recommended denying relief on December 8, 2015. (Doc. No. 31.) On May 31, 2016, after receiving several extensions of time, Petitioner submitted the instant objections to Judge Rueter's Report. (Doc. Nos. 35, 37, 38, 40, 41.)

## II. LEGAL STANDARDS

In reviewing a Report and Recommendation, I must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" these findings and recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d. 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note.

I may grant habeas relief only if the state court's merits decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 18 U.S.C. § 2254(d)(1)-(2). The "clearly established Federal law"

governing Petitioner's ineffectiveness claims is set out in Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, I must decide whether the PCRA Court's application of Strickland was "objectively unreasonable." Bell v. Cone, 535 U.S. 685, 698-99 (2002); Commonwealth v. Sneed, 899 A.2d 1067 (Pa. 2006). I may not "surmise whether the state court reached the best or even the correct result in [a] case." Collins v. Sec'y of Pa. Dep't of Corrs., 742 F.3d 528 544 (3d Cir.), cert. denied, 135 S. Ct. 454 (2014). Rather, Petitioner must show that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

To make out ineffectiveness, Petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 688; Sneed, 899 A.2d at 1075-76 (the test for counsel ineffectiveness is the same under both the Pennsylvania and federal constitutions). "The likelihood of a different result must be substantial, not just conceivable." Harrington, 562 U.S. at 112 (citing Strickland, 466 U.S. at 693). Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§2254] habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003) (per curium). If I conclude that counsel's action was not prejudicial, I need not address the reasonableness of counsel—and vice versa. See United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008). Counsel cannot be ineffective for failing to raise a meritless claim or objection. Ross v. Dist. Attorney of the Cnty. of Allegheny, 672 F.3d 198, 211 n.9 (3d Cir. 2012).

**III.   DISCUSSION**

Petitioner repeats arguments from his habeas petition.  I will nonetheless construe his submissions liberally and address the objections he apparently seeks to raise.  See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (courts should review as objections contentions that merely "rehash" arguments presented below to the Magistrate Judge).  All of Petitioner's six objections relate to his ineffectiveness allegations. (Doc. No. 41.)  They are all meritless.

**A.   Failure to Challenge the Trial Court's Jury Instruction on Transferred Intent**

In Petitioner's view, the trial judge violated his due process rights because she "fail[ed] to apply the precepts governing undifferentiated alternative theories of conviction."  (Id. at 8.)  Petitioner thus argues that his trial counsel should have objected to the charge.  I disagree.

I may not re-examine the substantive correctness of the jury instructions.  See Estelle v. McGuire, 502 U.S. 62, 71-72 (1991) ("[T]he fact that the [jury] instruction was allegedly incorrect under state law is not a basis for habeas relief."); Johnson v. Rosemeyer, 117 F.3d 104, 113-14 (3d Cir. 1997) (jury instruction on state law cannot be re-examined on federal habeas review).  Petitioner cannot transform a state-law challenge into a federal claim merely by recharacterizing it as a due process challenge.  See Lambert v. Blackwell, 387 F.3d 210, 259 (3d Cir. 2004) ("Of course, labeling a claim as a 'fundamental due process violation' does not actually substantiate a [federal] constitutional claim."); Johnson, 117 F.3d at 110 ("Errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.").

After enumerating the elements of first-degree murder and the doctrine of transferred intent under Pennsylvania law, Judge Lerner rejected the instant claim as follows:

> Judge Hughes instructed the jury that it could find petitioner guilty of the murder
> of Raymond Napper if it found beyond a reasonable doubt that petitioner was acting

5

> with a specific intent to kill Napper's friends, Quincy Ross and/or Ian Farmer, when he fired the shots that ultimately caused Napper's death. This instruction merely suggested that the jury could find petitioner guilty of murder if it found beyond a reasonable doubt that the Commonwealth proved the requisite predicate facts (cause of death and specific intent). The trial court's jury instructions on transferred intent was proper, and trial counsel was not ineffective for failing to challenge it.

(Doc. No. 26, Ex. B at 4-5.)

I agree with Judge Reuter that Judge Hughes' instruction did not violate due process. Trial counsel was not ineffective for failing to raise a meritless due process objection.

### B. Failure to Raise a *Brady* Claim

Petitioner next asserts that trial and appellate counsel should have objected when the trial prosecutor purportedly withheld the identity of potential witness Dennis Fulton, the owner of the gold-colored car. (Doc. No. 41 at 9-10.) Petitioner alleges: (1) that Fulton was a "possible suspect that was not surrendered to the defense until the day of trial"; and (2) that Fulton would have testified that he did not know Petitioner and that Petitioner was never in Fulton's car. (Id. at 9.) I do not agree.

There is no Brady violation if the "suppressed" evidence is available to the defense through sources other than the prosecution, or if the defense could have discovered it with reasonable diligence. United States v. Perdomo, 929 F.2d 967, 973 (3d Cir. 1991). Judge Lerner found that "Petitioner has failed to establish the Commonwealth willfully or inadvertently suppressed the identity of the driver. Moreover, the information regarding the identity of the vehicle's owner or driver was readily available through other sources." (Doc. No. 26, Ex. B at 6.) Judge Rueter further reasoned as follows:

> Petitioner has not demonstrated that the identity of Dennis Fulton as the owner of the car in which petitioner was traveling was evidence material to the defense such that the prosecutor should have disclosed it. Petitioner does not allege that Fulton was present when the shooting occurred and that his testimony would have exculpated him. . . . Moreover, [P]etitioner has not shown that even if the prosecutor

6

had disclosed the identity of Dennis Fulton prior to trial, the outcome of his trial would have been different.

(Doc. No. 31 at 14.)

I agree with Judge Rueter that counsel cannot be deemed ineffective for failing to raise a meritless Brady claim. Ross, 672 F.3d at 211 n.9.

### C. Failure to Investigate Petitioner's Motive

Petitioner argues that trial and appellate counsel should have investigated the prosecution's contention that "bad blood" between Petitioner, Farmer, Ross, and Napper caused Petitioner to shoot at Farmer and Ross. (Doc. No. 41 at 10-11.) Trial counsel objected to Farmer's and Ross's testimony, arguing that counsel "had not been provided with sufficient information regarding the alleged dispute." (Doc. No. 26, Ex. B at 6.) The prosecutor responded that the dispute was disclosed in discovery provided to the defense. (Id.) Petitioner now apparently argues that had counsel investigated, counsel could have impeached the reliability of Ross's and Farmer's testimony against Petitioner. (Id.; Doc. No. 31 at 16.) Petitioner does not explain the basis of this purported impeachment or what this questioning would have revealed. In these circumstances, I agree with Judge Rueter that Petitioner has not made an adequate showing that counsels' purported failures caused any prejudice. (Doc. No. 31 at 16.)

### D. Failure to Investigate the Prosecution's Case Theory

Petitioner believes that counsel should have investigated an alleged exculpatory statement made by witness Brennan to Detective Pat Mangold. (Doc. No. 41 at 12.) Yet, Petitioner does not disclose the substance of the statement; moreover, nothing in the record indicates Brennan made a statement, oral or written, to Detective Mangold. In his trial testimony, Brennan proclaimed Petitioner's innocence and identified an "unknown person" as the shooter. (Doc. No. 31 at 17.) Once again, I agree with Judge Rueter that Petitioner has not made out ineffectiveness.

### E. Stipulating to Dennis Fulton's Ownership of the Gold Car

Petitioner asserts that trial and appellate counsel ineffectively failed to challenge Dennis Fulton's ownership of the gold-colored car involved in the shooting. (Doc. No. 41 at 13.) Because this objection was not made before the PCRA Court, it is procedurally defaulted here. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir.), cert. denied, 133 S. Ct. 669 (2012). Judge Rueter nonetheless rejected the claim on the merits because the parties stipulated only that when they searched the car, police found nothing that involved Petitioner. I agree with Judge Reuter that because the stipulation was not prejudicial, there was no ineffectiveness.

### F. Failure to Impeach Farmer with a Prior Statement

In an interview conducted immediately after the shooting, Farmer told police that Petitioner had committed three additional homicides. (Doc. No. 31 at 19.) Petitioner believes that trial counsel should have "impeached" Farmer with this statement that Petitioner believes was untrue. Once again, because this claim was not raised in state court, it was procedurally defaulted here. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan, 526 U.S. at 845, 847; Rolan, 680 F.3d at 317. Judge Rueter nonetheless addressed the claim on the merits.

I agree with Judge Rueter that raising Farmer's prior statement would have done more damage to Petitioner than good. Accordingly, I reject Petitioner's ineffectiveness claim.

### IV. CONCLUSION

Judge Rueter concluded that Petitioner's claims so clearly lack merit that neither appointment of counsel nor an evidentiary hearing was warranted. I agree.

8

**AND NOW**, this 19th day of September, 2016, after a complete and independent consideration of the Petition for Habeas Relief under 28 U.S.C. § 2254 (Doc. No. 1), the state court record, the Commonwealth's Answer in Opposition to the Petition (Doc. No. 26), United States Magistrate Judge Thomas J. Rueter's Report and Recommendation (Doc. No. 31), and Petitioner's Objections (Doc. No. 41), and all other related submissions, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 31) is **APPROVED** and **ADOPTED.**
2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED with prejudice**.
3. A certificate of appealability **SHALL NOT** issue;
4. The Clerk of Court shall mark this file **CLOSED** for statistical purposes.

                                            **AND IT IS SO ORDERED.**

                                            */s/ Paul S. Diamond*

                                            Paul S. Diamond, J.